ORIGINAL

FILED

02/21/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0750

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 22-0750

FILED

FEB 2 1 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

BRADLEY K. STEVENS,

Petitioner,

v.

ORDER

PETE BLUDWORTH, Warden,

Respondent.

Self-represented Petitioner Bradley K. Stevens has filed his second Petition for Writ of Habeas Corpus, alleging illegal incarceration due to the rescission of his parole by the Board of Pardons and Parole (Board).[1] In compliance with this Court's Order for a response, the Department of Corrections (DOC or the Department) responds that Stevens is legally incarcerated and is not entitled to release.

Stevens states that he cannot get a straight answer to why he is still incarcerated. He explains that the Board granted him parole in March 2022 and then he learned that his Institutional Probation and Parole Officer (I.P.P.O.) told the Board about an investigation concerning Stevens. Stevens provides that he appeared before the Board on December 13, 2022, and that the Board "took [his] parole for [hearsay] with no proof of anything." He requests that his parole be reinstated. Stevens provides no supporting documentation.

The Department puts forth that Stevens's Petition should be denied and dismissed. The Department points out that Stevens was kept in custody, serving three sentences at the Crossroads Correctional Center, when he was granted parole with various conditions, such as completing a cognitive-based program and no misconduct. Providing the corresponding

---

[1] *See Stevens v. Bludworth*, No. OP 22-0654, 2022 Mont. LEXIS 1112, Order (Dec. 6, 2022) (this Court determined that the Board's authority under its rules allows rescission of parole when the offender is still in custody).

attachments, the Department states that Stevens received notice about the rescission hearing; that he appeared before the Board in person, and that he received a written case disposition. The Department explains that his due process rights were not violated and that the Board properly rescinded his parole because Stevens was the subject of a new criminal investigation. *See* § 46-23-218(1), MCA, and Admin. R. M. 20.25.601(1)-(5) (2022). Further, the Department provides that the Montana Rules of Evidence do not apply to the Board's proceedings. *McDermott v. McDonald*, 2001 MT 89, ¶ 20, 305 Mont. 166, 24 P.3d 200. The Department acknowledges that while the Board was under the mistaken impression that Stevens had charges filed against him, there are no charges, but the investigation continues. The Department posits that the Board's broad discretion allows it to rescind a prior grant of parole upon learning about new evidence or information that reveals an offender is not entitled to release. *See McDermott*, ¶ 25 ("[T]he Board retains extremely broad discretion to determine when the statutory criteria for early release have been met."). The Department concludes that Stevens received all the process he was due.

We agree with the Department's explanation. Stevens has not shown how the Board violated his rights. Stevens has not demonstrated illegal incarceration or restraint. Section 46-22-101(1), MCA. He is not entitled to immediate release. Therefore,

IT IS ORDERED that Stevens's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Bradley K. Stevens personally.

DATED this 21st day of February, 2023.

_____
Chief Justice

_____

_____

2

_____

_____
Justices